UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | UNDER SEAL |
| v. | Criminal No.: |
| CHARLES M. THOMAS, | Violations: |
| Defendant. | 18 U.S.C. § 371 (Conspiracy to Commit Bribery) |
| | 18 U.S.C. § 371 (Conspiracy to Pay Gratuities and Violate the Procurement Integrity Act) |
| | Criminal Forfeiture:<br>18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c);<br>21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that at all relevant times:

1. Defendant Charles Thomas, a resident of Maryland, was the sole owner of Company A, a for-profit corporation incorporated in Maryland that provided information technology services to agencies of the federal government and educational services to public school children in the Washington, D.C. metropolitan area.

2. The District of Columbia Office of the State Superintendent of Education ("OSSE") was an agency of the Government of the District of Columbia.

3. Person A was a Management Analyst for Fiscal Policy and Grant Management in OSSE's Division of Special Education.

4. Person B was a Contract Oversight Specialist at the U.S. Department of Housing and Urban Development ("HUD").

1

5. Person C was the Chief Operating Officer of Company A. Person C's responsibilities including oversight of all bids submitted to federal agencies for information technology work and Company A's performance of any such contracts.

6. Person D was a Supervisory Contract Oversight Specialist at HUD. Person D has been employed by HUD since 1990.

## COUNT ONE
### (Conspiracy to Commit Bribery)

7. The allegations set forth in paragraphs one through five of this Information are re-alleged and incorporated by reference herein.

8. From at least in or about 2013, to at least in or about 2014, in the District of Columbia and elsewhere, Thomas, together with others known and unknown, unlawfully, willfully, and knowingly did conspire to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 201 (payment of a bribe to a public official).

### Objects of the Conspiracy

9. It was a part and object of the conspiracy that Thomas, together with others, knowingly and willfully made payments to Person A in exchange for Person A using Person A's official position to create and submit fraudulent purchase orders and otherwise cause OSSE to make payments to Company A for work Company A did not perform.

### Manner and Means of the Conspiracy

10. Among the manners and means by which Thomas, his co-conspirators, and others would and did carry out the objectives of the conspiracy were the following:

   a. They would and did cause invoices to be submitted to OSSE from Company A reflecting services purportedly performed which had, in fact, not been performed.

b. They would and did directly and indirectly cause OSSE to make payments to Company A for these purported services.

c. They would and did cause payments and other things of value to be provided to Person A in exchange for her using her official position at OSSE to provide Thomas with non-public information about available OSSE contracts, assist Thomas in creating fraudulent invoices, submit these fraudulent invoices and other documents as necessary in order to cause OSSE to make payments to Company A for services Company A never performed.

### Overt Acts

11. In furtherance of the conspiracy and to effect the illegal objects thereof, Thomas and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere:

a. Between 2012 and 2014, Thomas made or caused to be made a number of payments to Person A and a close family member of Person A for the benefit of Person A.

b. From at least in our about May 2013 through at least in or about February 2014, Thomas did directly and indirectly cause fraudulent invoices on behalf of Company A to be submitted to OSSE for services Company A did not provide. In response to these invoices and other falsified or fraudulent documents, OSSE sent $179,999.75 in payments to Company A.

**(Conspiracy to Commit Bribery, in violation of Title 18, United States Code, Section 371)**

### COUNT TWO

**(Conspiracy to Pay Gratuities and Violate the Procurement Integrity Act)**

12. The allegations set forth in paragraphs one through five of this Information are re-alleged and incorporated by reference herein.

13. From at least in or about 2012, to at least in or about 2015, in the District of Columbia and elsewhere, Thomas, together with others known and unknown, unlawfully, willfully, and knowingly did conspire to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 201 (payment of a gratuity to a public official) and Title 41, United States Code, Section 2102 (violation of the procurement integrity act).

### Objects of the Conspiracy

14. It was a part and object of the conspiracy that Thomas, together with others, knowingly and willfully made payments and provided things of value to Person B for or because of Person B using Person B's official position to provide non-public information to Thomas and others related to pending HUD contracts and to obtain protected contract information before the award of HUD contracts in order to unlawfully provide Thomas and Company A with a competitive advantage.

### Manner and Means of the Conspiracy

15. Among the manners and means by which Thomas, his co-conspirators, and others would and did carry out the objectives of the conspiracy were the following:

   a. They would and did provide Person B with money, tickets to sporting events, and other things of value for or because of Person B using Person B's official positon to provide non-public information about pending HUD contracts to Thomas and to otherwise provide assistance to Company A in its pursuit of certain HUD contracts.

   b. They would and did obtain protected HUD contract information from Person B, including information on the government's price estimate, source selection criteria, and other confidential procurement information.

c. They would and did use protected HUD contract information to obtain an unfair competitive advantage for Company A in its pursuit of certain HUD contracts.

### Overt Acts

16. In furtherance of the conspiracy and to effect the illegal objects thereof, Thomas and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere:

   a. Between 2012 and 2014, Thomas made or caused to be made a number of payments to Person B and provided or caused to be provided to Person B tickets to sporting events.

   b. Between 2012 and 2014, Thomas caused Company A to pay for the travel expenses of Person B to attend three Super Bowl games.

   c. Between 2012 and 2014, Person B provided Thomas and Person C with independent government cost estimates, performance work statements and other confidential procurement information related to at least three pending HUD contracts.

   d. Between 2012 and 2014, Thomas used this information for the benefit of Company A in its evaluation of whether and, if so, at what price to bid for available HUD contracts.

**(Conspiracy to Pay Gratuities and Violate the Procurement Integrity Act, in violation of Title 18, United States Code, Section 371)**

### COUNT THREE

**(Conspiracy to Pay Gratuities and Violate the Procurement Integrity Act)**

17. The allegations set forth in paragraphs one through five of this Information are re-alleged and incorporated by reference herein.

5

18. From at least in or about 2012, to at least in or about 2015, in the District of Columbia and elsewhere, Thomas, together with others known and unknown, unlawfully, willfully, and knowingly did conspire to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 201 (payment of a gratuity to a public official) and Title 41, United States Code, Section 2102 (violation of the procurement integrity act).

### Objects of the Conspiracy

19. It was a part and object of the conspiracy that Thomas, together with others, knowingly and willfully made payments on behalf of and provided things of value to Person D for or because of Person D using Person D's official position to provide non-public information to Thomas and others related to pending HUD contracts and to obtain protected contract information before the award of HUD contracts in order to unlawfully provide Thomas and Company A with a competitive advantage.

### Manner and Means of the Conspiracy

20. Among the manners and means by which Thomas, his co-conspirators, and others would and did carry out the objectives of the conspiracy were the following:

   a. They would and did provide Person D tickets to sporting events, designer handbags, made payments for the benefit of Person D, and provided other things of value for or because of Person D using Person D's official position to provide non-public information about pending HUD contracts to Thomas and to otherwise provide assistance to Company A in its pursuit of certain HUD contracts.

   b. They would and did obtain protected HUD contract information from Person D, including information on the government's price estimate, source selection criteria, and other confidential procurement information.

c. They would and did use protected HUD contract information to obtain an unfair competitive advantage for Company A in its pursuit of certain HUD contracts.

### Overt Acts

21. In furtherance of the conspiracy and to effect the illegal objects thereof, Thomas and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere:

   a. Between 2012 and 2013, Thomas made provided or caused to be provided to Person B tickets to sporting events.

   b. On or about March 1, 2013, Thomas made a payment of $2,498.23 to Suburban Propane for the benefit of Person D.

   c. On or about May 16, 2014, Thomas purchased three Louis Vuitton bags for $5,257.60 for Person D.

   d. Between 2013 and 2015, Person D provided Thomas with independent government cost estimates, performance work statements and other confidential procurement information related to at least two pending HUD contracts.

   e. Between 2013 and 2015, Thomas used this information for the benefit of Company A in its evaluation of whether and, if so, at what price to bid for available HUD contracts.

**(Conspiracy to Pay Gratuities and Violate the Procurement Integrity Act, in violation of Title 18, United States Code, Section 371)**

### FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Three, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $179,999.75.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

JESSIE K. LIU
UNITED STATES ATTORNEY

By: _____
Peter C. Lallas
Assistant United States Attorney
New York Bar No. 4290623
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-2546
Peter.Lallas2@usdoj.gov